IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL GEOFFREY PETERS, § | |
| (TDCJ-CID #2019190) § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION H-17-3782 |
| § | |
| STATE OF TEXAS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

Michael Geoffrey Peters, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in December 2017, seeking a writ of mandamus against the Texas Court of Criminal Appeals. Peters explains that he filed a petition for a writ of habeas corpus on May 8, 2017. Though Peters names the State of Texas as the respondent, Peters seeks an order compelling the Texas Court of Criminal Appeals to respond to his state application for post-conviction relief.

The threshold issue is whether this court has jurisdiction to consider Peters's petition for a writ of mandamus.

**I.    Procedural History and Background**

Online research reveals that Peters was convicted of two counts of retaliation on April 30, 2015. The 221st Judicial District Court of Montgomery County, Texas, sentenced Peters to 35 years imprisonment for each count. (Cause Number 14-07-08207-CR). Peters states that he filed a state application for post-conviction relief on May 8, 2017. Online research shows that the Texas Court of Criminal Appeals dismissed his state application on May 17, 2017 for noncompliance with Texas

Rule of Appellate Procedure 73.1. Specifically, the Texas Court of Criminal Appeals determined that Peters's submission exceeded the page limit. Peters seeks to compel the Texas Court of Criminal Appeals to respond to his state application for post-conviction relief.

**II.   Analysis**

To the extent Peters seeks a writ of mandamus against the State of Texas or the Texas Court of Criminal Appeals, this court lacks jurisdiction. Federal district courts are courts of limited statutory jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case is the State of Texas. The respondent is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this court. Even if this court liberally construed Peters's petition to name the Texas Court of Criminal Appeals as the respondent, the Texas Court of Criminal Appeals is also not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this court. This court lacks jurisdiction to entertain Peters's request for mandamus relief.

## III. Conclusion

Peters's petition for a writ of mandamus is DENIED. Any and all remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on \_\_\_Dec. 18\_\_\_, 2017.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

O:\RAO\VDG\2017\17-3782.a01.wpd